NATHANIEL BRYANT, JR., administrator, *vs.* SAMUEL W. JACKSON, executor, and others.

*Equity — pleading.*

In a bill in equity to redeem real estate from a mortgage conditioned for the support of the mortgagees and the survivor of them during life, brought by the assignee of the mortgager against the assignee of the mortgagees, a distinct allegation that the interest of the mortgager was assigned with the consent of the mortgagees is sufficient, although it is not alleged that such consent was in writing.

The assent, by the surviving mortgagee, that the administrator of the estate of the assignee of the mortgager may succeed and take the place of his intestate, may be given after as well as before the assignment by the mortgagees, but cannot affect the previously acquired rights of the assignees of the mortgagees.

BILL IN EQUITY brought by Nathaniel Bryant, jr., as administrator of the estate of Nathaniel Bryant, deceased, against Christopher Erskine, Joseph Erskine, Jason M. Carleton, and Jane Linscott, to redeem certain land therein described, from a mortgage given by Charles H. Linscott to Ephraim Linscott and his wife

Jane, for life maintenance, April 22, 1861.   Since the commencement of the suit, Christopher Erskine has deceased, testate, and Samuel W. Jackson has been appointed his executor.

The bill alleged, substantially, that on April 22, 1861, Ephraim Linscott conveyed, by deed of warranty, the premises to Charles H. Linscott, who, on the same day, mortgaged them to Ephraim Linscott and Jane Linscott, for a life-maintenance, allowing " them to occupy the south part of the house," etc. (for the particulars of the condition see 55 Maine, 154), and that Charles occupied the premises for a certain period and supported them so long as he continued in possession.

That on Aug. 14, 1861, Charles mortgaged the premises to the plaintiff's intestate to secure the sum of three hundred dollars, and on Oct. 9, 1862, he released his interest to the plaintiff's intestate, wherefore he claimed the right in equity to redeem the mortgage to Ephraim and Jane, and have possession in order that he may fulfill the alternative condition to Jane, the surviving mortgagee (Ephraim having died March 13, 1863).

That on Sept. 9, 1862, Ephraim assigned Charles' mortgage to him and Jane to one Harris, and afterwards on Nov. 13, 1862, Ephraim and Jane joined in an assignment of the same to the said Harris, who, in April, 1863, assigned the same to Christopher Erskine, Joseph Erskine, and Jason M. Carleton.

That Charles elected, and it was always the determination of the plaintiff's intestate, and also of the plaintiff in his said capacity, to observe and fulfill the alternative part of the condition, and such was also the desire of the mortgagees; and that the mortgager and his assignees have always performed and tendered performance of said alternative condition, except when prevented by the defendants.

That on Dec. 9, 1862, the plaintiff's intestate demanded an account of Ephraim and Jane, and on Sept. 8, 1865, of the other defendants.

That Charles has resided out of the State since 1862, and is not within the jurisdiction.

All the defendants demurred except Jane Linscott, who answered.

The case was before the court in 1867, on demurrer, when all the objections then raised, with one exception, were overruled and the plaintiff had leave to amend, by alleging that the assignment by Charles H. Linscott to the plaintiff's intestate was made with the consent of the mortgagees. Accordingly, at the October term, 1868, the plaintiff filed his amendment, alleging,

That at the time of the execution and delivery of the mortgage from Charles to plaintiff's intestate, and of his assignment of the equity of redemption of Charles' mortgage to Ephraim and Jane, and ever afterwards, said Ephraim and Jane approved of and assented to said Charles' assignment to said Bryant, and consented and desired, in case of any default therein by said Charles, that said Bryant should support them and discharge the obligations imposed by the condition of the mortgage; that they never consented nor desired that Harris or his assignees should discharge said obligations, but were always averse thereto, and resisted as far as their infirmities and helplessness would enable them; that after the decease of said Bryant and Ephraim, the said Jane continued to have the same aversion to the condition of said first mortgage being performed by the assignees of Harris, but consented and agreed that the plaintiff, as the legal representative of said Bryant, deceased, should support her under the condition, etc.

To the bill and amendment the defendants demurred and the plaintiff joined.

*J. Ruggles,* for the plaintiff.

*A. P. Gould,* for the defendants.

The amended bill does not show that the present plaintiff has the right to redeem.

1. Any right or interest in or concerning a mortgage of land must be in writing. Plaintiff must show that he was, by written assignment or contract, substituted by the mortgagees, in the place of Charles, in the performance of the personal duties comprised in the conditions.

The condition was personal and unassignable. No one could be substituted without an enlargement of the condition made by the mortgagees, adding thereto the element of assignability and giving their consent to the substitution. Such enlargement would be a contract for the transfer of an interest in or concerning the lands and tenements mortgaged. It would be an addition to the condition of a mortgage of lands, which cannot be made by verbal contract.

A grant of authority by the mortgagees to the mortgager to assign the right of performing the condition would be an important addition to the condition and to the rights and powers of the mortgager. Such a grant must be of as high a nature as the mortgage.

Charles had no assignable interest while the condition remained unperformed, for he could invest no third person with the trust. His conveyance to Bryant was void as it respects the mortgagees. To give it validity, it must appear that the mortgagees, prior to entry for breach of condition and conveyance to Harris, granted to Charles the power of substitution by a competent instrument.

It is not alleged that the mortgagees executed any such instrument. The stating part must contain every necessary averment set forth distinctly and expressly. *Wright* v. *Dame*, 22 Pick. 55.

2. It is not alleged that the mortgagees consented to the substitution of Bryant's administrator.

It is not alleged that Jane executed any instrument in writing since the death of Bryant and her husband.

But the agreement which she is alleged to have made with the present plaintiff was made long after she and her husband had assigned their interest. She could not change the condition then.

Charles having abandoned the support and left the mortgagees in possession to themselves, they had a right to assign, and having assigned, their power to change the rights of parties ceased.

The agreement to substitute Bryant, sen., would not upon his death pass to his administrator. An agreement to substitute Bryant's administrator in case of death is not alleged.

Charles, under some circumstances, as in *Henry* v. *Tupper*, 29 Vt. 359, might redeem, but not Bryant's administrator.

Bryant *v.* Jackson.

DANFORTH, J. This bill has been before the court upon a previous demurrer. See 55 Maine, 153. All the objections there raised, with one exception, were overruled, and the plaintiff had leave to amend. It was there held, that as the plaintiff's intestate claimed under Charles H. Linscott, the mortgager, it must appear that the assignment to him was made with the consent of the mortgagees. The amendment introduces an allegation of assent, but the bill is again demurred to, on the ground that it should appear that the assent was in writing.

Whether the statute of frauds in such cases requires the assent to be in writing, need not now be determined. The consent of the mortgagees to the assignment, and the substitution of the plaintiff's intestate, is distinctly set out in the amendment. This allegation, in a legal process, can be true only on the ground that such a consent as the law requires was given, and can be substantiated only by legal and competent testimony, whether by a written instrument or otherwise. *Lovell* v. *Farrington*, 50 Maine, 239.

The amendment also alleges an assent on the part of the surviving mortgagee, that the plaintiff may succeed and take the place of his intestate. This assent may be given after as well as before the assignment, but in either case cannot affect the previously acquired rights of the defendants. This assent, too, if material, and their rights and their priority must depend upon such legal testimony as may be introduced by the parties. Under the former decision, in this case, the bill as amended appears to be sufficient to require the defendants to answer.

The exceptions to the ruling of the justice and the second amendment offered are waived. *Demurrer overruled.*

APPLETON, C. J.; KENT, BARROWS, and TAPLEY, JJ., concurred.